J-S75045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :      IN THE SUPERIOR COURT OF
                                 :            PENNSYLVANIA
           v.                    :
                                 :
TERRENCE SELDON,               :
                                 :
          Appellant          :         No. 49 EDA 2016

Appeal from the Judgment of Sentence July 27, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0012826-2012

BEFORE:  BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:         **FILED NOVEMBER 23, 2016**

Terrence Seldon ("Seldon") appeals from the judgment of sentence imposed following his negotiated guilty plea to two counts of murder of the third degree, and one count each of criminal conspiracy, robbery, and possessing an instrument of crime.  **See** 18 Pa.C.S.A. §§ 2502(c); 903(c); 3701(a)(1)(ii); 907(a).  We affirm.

On July 24, 2012, Seldon and two other men, John Gonce ("Gonce") and Michael Holmes ("Holmes"), conspired to commit a home invasion of 1357 Westbury Drive in Philadelphia.  On that date, Seldon, Gonce and Holmes drove to the residence, which they believed was used to sell drugs. While Seldon waited in the car as the getaway driver, Gonce approached the residence dressed as a salesman and knocked on the door.  Seventeen-year-old Christopher Malcolm ("Malcolm") answered the door, and Gonce opened fire, hitting Malcolm in the chest.  Gonce also shot thirteen-year-old Rohan

Bennett in the chest and back. Both victims died as a result of the gunshot wounds. Gonce ran back the car, and Seldon drove the car away from the scene. Seldon was subsequently arrested.

Seldon was charged with numerous crimes. Seldon entered into a negotiated guilty plea wherein he agreed to plead guilty to the above-mentioned crimes, in exchange for a prison sentence of 35 to 70 years. Pursuant to the plea agreement, the remaining charges were to be *nol prossed*. On July 27, 2015, the trial court accepted the negotiated plea, and sentenced Seldon to the agreed-upon sentence. On August 5, 2015, Seldon, *pro se*, filed a Motion to Withdraw Guilty Plea. Thereafter, Seldon's plea counsel filed a Motion to Withdraw as Counsel. The trial court granted the Motion and appointed Seldon new counsel. The trial court subsequently denied the Motion to Withdraw Guilty Plea. Seldon filed a timely Notice of Appeal.

On appeal, Seldon raises the following question for our review:

Did the [] trial court err when it failed to permit [Seldon] to withdraw his guilty plea even though [Seldon] filed his [Motion to Withdraw] guilty plea very soon after the plea was entered and where [Seldon's] testimony at an evidentiary hearing clearly demonstrated that his plea was not made in a knowing, intelligent and voluntary fashion?

Brief for Appellant at 3 (some capitalization omitted).

Seldon contends that the trial court should have allowed him to withdraw his guilty plea. *Id*. at 9, 14-15. Seldon argues that he did not knowingly and voluntarily enter the plea due to a lack of discussion about

- 2 -

the plea with his plea counsel; he was surprised by the plea; he initially did not want to accept the plea and intended to go to trial; and he was pressured by plea counsel, the district attorney and his mother into accepting the plea deal. *Id*. at 10-11, 13, 14. Seldon asserts that his plea counsel filed a Motion to Withdraw shortly after the entry of the guilty plea due to Seldon's dissatisfaction with counsel's representation. *Id*. at 11-12. Seldon also claims that his plea was unknowingly entered because he did not receive a great bargain in the sentence. *Id*. at 12-13; *see also id*. at 12 (wherein Seldon argues that he was 29-years-old at the time of the entry of the plea and that his sentence was the equivalent of a life in prison sentence). Seldon contends that the Commonwealth would not have suffered any prejudice if he withdrew his plea because he filed his Motion to Withdraw immediately after he entered the plea, and witnesses were still available. *Id*. at 14.

> Our law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

*Commonwealth v. Bedell*, 954 A.2d 1209, 1212 (Pa. Super. 2008). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required to ask the following questions in the guilty plea colloquy:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

*Id*.; *see also* Pa.R.Crim.P. 590, cmt. "Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999). "In determining whether a guilty plea was entered knowingly and voluntarily, … a court is free to consider the totality of the circumstances surrounding the plea." *Commonwealth v. Flanagan*, 854 A.2d 489, 513 (Pa. 2004).

During the oral guilty plea colloquy, Seldon indicated that at the time of his plea, he understood the English language, that he was not under the influence of alcohol or drugs, and that he did not suffer from any mental illnesses. *See* N.T., 7/27/15, at 19-21. Seldon confirmed that he knew and understood the nature of the charges, the factual basis for the plea, the permissible range of sentences and fines, the negotiated sentence, and that

the judge was not bound by the terms of the plea agreement. ***See id***. at 30, 37-38, 40-53. Seldon also acknowledged that by pleading guilty, he understood that he was foregoing certain rights, including, *inter alia*, the presumption of innocence, the right to file pretrial motions and the right to a jury trial. ***Id***. at 21-30, 35-37, 38. Seldon additionally stated that while he was not satisfied by counsel's representation, he was not forced or threatened to plead guilty and was satisfied with the deal. ***Id***. at 30, 34.

Although Seldon now argues that he was coerced into entering his plea, Seldon's own statements during the colloquy demonstrate that he tendered his guilty plea under his own volition. Indeed, Seldon does not contest that he fully understood the implications of his guilty plea. ***See Commonwealth v. Kelly***, 5 A.3d 370, 382 n.11 (Pa. Super. 2010) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.") (citation omitted). Based on the totality of the circumstances, we conclude that Seldon knowingly and voluntarily entered his guilty plea. ***See Commonwealth v. Munson***, 615 A.2d 343, 349 (Pa. Super. 1992) (stating that appellant's guilty plea was entered voluntarily where a full and complete guilty plea colloquy was conducted); ***see also Commonwealth v. Muhammad***, 794 A.2d 378, 384 (Pa. Super. 2002) (stating that appellant cannot claim that he involuntarily

entered a guilty plea where he stated that no one threatened him to plead guilty). Thus, Seldon's claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016